## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| PAULETTE ARNOLD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:17-cv-02717-DDC-KGS |
| | ) | |
| KANSAS STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## <u>DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS</u>

## I. NATURE OF MATTER BEFORE THE COURT

Kansas State University ("K-State") moves this Court to dismiss Plaintiff Paulette Arnold's complaint because she fails to state a Title VII claim. Under Title VII, employers are not liable for all non-supervisory employee conduct. An employer is only liable for sexual harassment if its response is not adequate to address it. Here, K-State responded adequately to Ms. Arnold's report about her coworker, Mr. Yaussi.

Mr. Yaussi's sexual conduct towards Ms. Arnold all occurred prior to her report to K-State. When she reported, K-State responded extensively. K-State separated the coworkers during the investigation, investigated Ms. Arnold's allegations, made findings, and issued numerous sanctions against Mr. Yaussi. Notably and indisputably, Mr. Yaussi's conduct towards Ms. Arnold completely stopped after Ms. Arnold reported her concerns. Based on Ms. Arnold's allegations, K-State complied with Title VII as a matter of law by adequately and effectively responding.

And to the extent Ms. Arnold suggests that Mr. Yaussi previously "sexually harassed" another co-worker, she pleads only legal conclusions that do not meet the *Iqbal/Twombly* standard.

For these reasons, the Court should dismiss the Complaint for failure to state a claim.

## II. STATEMENT OF FACTS

Kansas State University maintains and implements a robust anti-discrimination policy ("Policy"), which is publicly available. *See* Policy Prohibiting Discrimination, Harassment, Sexual Violence, Domestic and Dating Violence, and Stalking, and Procedure for Reviewing Complaints, *last visited January 25, 2018*, available at http://www.k-state.edu/policies/ppm/3000/3010.html.[1] As it always does upon receiving a report, K-State responded in accordance with its Policy when Ms. Arnold, an information systems employee at K-State, reported concerns about sexual conduct by a coworker in February 2016. *See id.* (describing a step-by-step process for investigating reports of discrimination, including sexual harassment); Compl. ¶¶ 15, 28, 31-37, 39-40.

Ms. Arnold alleges that Mr. Yaussi engaged in sexual harassment towards her from 2013 *until* February 2016. Compl. ¶ 15. She includes examples about the sexual conduct by Mr. Yaussi, which when taken as true for purposes of the Motion, included inappropriate emails, instant messages, a picture, an attempted touching, and leaving items in Ms. Arnold's office. Compl. ¶¶ 15, 18-22. But all this conduct occurred prior to Ms. Arnold notifying K-State about the conduct. Compl. ¶¶ 15, 28. The alleged "sexual harassment" stopped at the same time she reported Mr. Yaussi's conduct to K-State. Compl. ¶¶ 15, 28. Ms. Arnold does not allege that Mr.

---

[1] The Policy was updated in August 2017, but there were no substantive changes with regard to how Ms. Arnold's report was addressed and processed.

Yaussi engaged in any sexual conduct, or that he even spoke a word to her or otherwise directed any conduct towards her, after she reported to K-State in February 2016.

When Ms. Arnold reported to K-State, it responded extensively. K-State investigated Ms. Arnold's allegations and made findings. Compl. ¶ 31. During the investigation, K-State implemented measures to maintain a level of separation between the employees except "de minimis work interactions," including for example that Mr. Yaussi was required to participate in meetings only online via Zoom when Ms. Arnold also was attending. Compl. ¶ 35, 36. Further, K-State extended those numerous measures "for *at least* a year" when issuing the sanctions against Mr. Yaussi.[2] *See* Defendant K-State's Exhibit A (Deciding Administrator Decision) and Exhibit B (Appeal Administrator Decision).[3] Specifically, those measures K-State imposed on Mr. Yaussi and then extended include:

> A) You may not have in-person contact with Ms. Arnold aside from de minimis work interactions; B) You must not go inside Ms. Arnold's office or go within 3 feet of her office door without prior permission from me; C) If you choose to use a breakroom, may only use the breakroom on the first floor in the "OME" area; D) If you are going to be in a meeting that Ms. Arnold is attending, you must participate via Zoom conferencing; E) You will not use the back stairwell at work so that Ms. Arnold has access to her work space without [the] chance of both [of you] being in the same stairwell.

K-State's Exhibit A.

Additionally, K-State issued a written warning to Mr. Yaussi that was filed in his personnel file and required that he complete training on sexual harassment and respect and professionalism in the workplace. Compl. ¶ 38, 39; K-State's Exhibit A. K-State also substantially changed Mr. Yaussi's job duties by removing him from the FIS team, of which Ms. Arnold is a part. Compl. ¶ 40; K-State's Exhibit A.

---

[2] All of these measures are still currently in place as of the date of this filing.
[3] *See infra*, at p. 7, discussing that the Court can consider K-State's written decision, which Ms. Arnold referenced in her Complaint, previously received, and is central to her claim.

Though Ms. Arnold makes the conclusory allegations that Mr. Yaussi had previously "sexually harassed" another K-State employee, she offers no facts to support that conclusion. Compl. ¶ 26, 42.

Ms. Arnold filed a Charge of Discrimination with the EEOC alleging sex discrimination related to Mr. Yaussi's conduct. Compl. ¶ 8. She later received a Right to Sue Letter without EEOC making any findings. Compl. ¶ 9. She then filed this lawsuit against K-State in late December 2017. K-State now moves this Court to dismiss her lawsuit because Ms. Arnold fails to state a claim for employer liability under Title VII.

### III. QUESTIONS PRESENTED

1.      Should this Court dismiss Ms. Arnold's Title VII claim because, as she details in her Complaint, K-State's actions succeeded in stopping any harassment after her February 2016 report?

2.      Should this Court disregard Ms. Arnold's allegations about another employee experiencing "sexual harassment," since those allegations are conclusory and unsupported with any factual allegations?

3.      Should this Court disregard and dismiss any claims related to 42 U.S.C. § 1983, retaliation, and pattern and practice, when Ms. Arnold did not plead any supporting elements or facts?

### IV. ARGUMENT AND AUTHORITIES

**Standard for Motion to Dismiss**

The Court may dismiss a cause of action if a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Rochelle v. CVS Caremark*, No. 14-CV-2473-DDC-TJJ,

2015 WL 3617236, at *2 (D. Kan. June 8, 2015). A complaint must state a plausible claim, which means that the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court "must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven." *Johnson v. Hix Corp.*, No. 15-CV-07843-JAR, 2015 WL 7017374, at *1 (D. Kan. Nov. 10, 2015) (quotations and citations omitted).

But "mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice; a plaintiff must offer specific factual allegations to support each claim. . . . [T]he court must take all the factual allegations in the complaint as true," but is not "bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at *1-2. "Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth. Second, the court must determine whether the factual allegations, when assumed true, plausibly give rise to an entitlement to relief." *Id.* at *2. If factual allegations do not plausibly demonstrate that a plaintiff states a claim upon which the Court can grant relief, the Court should dismiss the complaint. *See* Fed. R. Civ. P. 12(b)(6).

1. **K-State's numerous responsive steps and the complete stoppage of any harassing conduct demonstrate as a matter of law that K-State adequately responded to Ms. Arnold's report of sexual harassment by a non-supervisory employee. Therefore, Ms. Arnold's Title VII claim fails.**

When K-State learned of Ms. Arnold's allegations of sexual harassment by Mr. Yaussi, her non-supervisory co-worker, K-State took responsive steps designed to prevent—and did prevent—Mr. Yaussi's behavior from recurring. Compl. ¶¶ 15, 28, 31-37, 39-40. Because it did so, K-State met its Title VII obligations as a matter of law.  *See Turrentine v. United Parcel Service, Inc.*, 645 F.Supp.2d 976, 984 (D. Kan. 2009) (finding that employer complied with Title VII based on its response to conduct between coworkers that was adequate and effective where perpetrator did not bother co-employee again after employer responded to report).

Under Title VII, an employer is not liable for all non-supervisory coworker conduct. An employer has liability for a non-supervisor's sexually harassing conduct "after it is reported to the employer by the employee … only if the employer fails to take adequate remedial and preventive responses to any actually or constructively known harassment." *Bertsch v. Overstock.com*, 684 F.3d 1023, 1028 (10th Cir. 2012) (internal quotations omitted); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 676 (10th Cir. 1998) (employers must take "remedial and preventative action . . . reasonably calculated to end the harassment" (quotations and citations omitted)); *see also generally* 42 U.S.C. 2000e, *et. seq*. An employer takes adequate remedial and preventative responses when, for example, there is a "'stoppage of the harassment.'" *Bertsch*, 684 F.3d at 1028 (*quoting Adler,* 144 F.3d at 676 ("stoppage of harassment shows effectiveness")).

Ms. Arnold acknowledges in her Complaint that K-State investigated, made findings, and responded both prior to and after it investigated her allegations. Specifically, Ms. Arnold alleges the following responsive steps:

- K-State investigated Ms. Arnold's concern and made findings, Compl. ¶¶ 30-31;
- In March 2016, K-State implemented interim measures to limit contact between Ms. Arnold and Mr. Yaussi, Compl. ¶ 35;
- K-State required Mr. Yaussi to participate only via Zoom (online) conferencing, Compl. ¶ 36;
- Mr. Yaussi received a written warning in his personnel file, Compl. ¶ 37;
- K-State required Mr. Yaussi to undergo training on sexual harassment and respect and professionalism in the workplace, Compl. ¶ 39; and
- K-State removed Mr. Yaussi from the FIS team, of which Ms. Arnold is a part, Compl. ¶40.

K-State's written decisions, which were previously sent to Ms. Arnold and referenced in her Complaint, similarly and further detail K-State's reasonable and extensive response. *See* Compl. ¶ 39 (referencing K-State's decision); Exhibit A (Decision by Deciding Administrator); Exhibit B (Decision by Appeal Administrator). These referenced written decisions are central to Ms. Arnold's claim regarding K-State's response and can be considered by the Court on this Motion to Dismiss. *See GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) ("[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss . . .").

K-State directly and intentionally designed its response to prevent any recurrence of sexually harassing conduct. *See* Exhibit A (Decision by Appeal Administrator, finding sanctions imposed were not arbitrary and capricious because "the sanctions are reasonably aimed at addressing the conduct at issue, taking steps to prevent Mr. Yaussi from contacting you unnecessarily in the workplace, setting out space where Mr. Yaussi cannot go as related to your workplace, and preventing further sexual harassment.").

K-State's response was successful, because Ms. Arnold specifically states that the "sexual harassment" occurred only *until February 2016*—the same time that she reported to K-

State—but not after. By her own admission, Ms. Arnold did not experience any sexual harassment after her report. Compl. ¶ 15, 28.

Likewise, Ms. Arnold's Complaint contains no allegations that she experienced any sexual conduct after reporting to K-State. The only conduct that supposedly occurred after her report—which is still extremely vague—is that she "crosses paths with him oftentimes at least twice a week." Compl. ¶ 40. She also summarily claims that she has had "continued interactions with the perpetrator," Compl. ¶ 43, but then also claims that she interacted with Mr. Yaussi "until March 2016". Compl. ¶ 29. Ms. Arnold does not claim that Mr. Yaussi ever spoke another word to her, nor that he ever engaged in sexual conduct towards her after she notified K-State. Thus, the only reasonable conclusion to be drawn from Ms. Arnold's Complaint—underscored by her own admission of the sexual harassment ending—is that the problematic conduct completely stopped after she reported to K-State.

Logically, because the problematic conduct stopped, the only possible conclusion is that K-State adequately responded in compliance with Title VII. *See Turrentine*, 645 F.Supp.2d at 985 ("[T]he Tenth Circuit [has] held that the employer's response was prompt, adequate, and effective as a matter of law based on the undisputed fact that the supervisor never again made inappropriate comments." (Internal quotations and citations omitted)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (only when the allegations contain enough facts to state a claim for relief that is plausible on its face can the complaint survive a motion to dismiss, and plausibility requires more than a "sheer possibility").

In *Turrentine v. United Parcel Service, Inc.*, this Court rejected a plaintiff's Title VII claim against her employer when the coworker's conduct stopped after she reported it to her manager. 645 F.Supp.2d at 985. The plaintiff claimed that a coworker sexually harassed her with

conduct that occurred for over a year. *Id.* at 979. After the plaintiff reported to a manager, the company investigated and terminated the coworker's employment. *Id.* at 980. But the coworker filed a grievance about his termination, and ultimately, a panel of union and company representatives decided that the coworker's termination should be reduced to a one-day suspension with no other conditions. *Id.* at 980-81. The company followed the panel decision.

The *Turrentine* Court found, as a matter of law, that the company's response was effective because the harassment ceased, and upon the coworker's reinstatement, he "never again bothered plaintiff in any respect." *Id.* at 984. The Court further explained that an employer is not always required to terminate an employee who engaged in sexual harassment, but only is "required to respond adequately and effectively." *Id.* And when the only claim is that the harassment stopped, the company's response was adequate and effective—indeed, the company's response could not "have been more effective in any respect." *Id.* "The effectiveness of that response, then, indicates without question that it was reasonably calculated to end the harassment." *Id.* at 985. Therefore, the plaintiff's claim failed as a matter of law.

Similarly, Title VII actually does not require an employer to prevent any "interaction" whatsoever between employees after an employee reports sexual harassment. *Cf.* Compl. ¶ 43 (vaguely referencing "continued interactions"). As thoroughly explained in *Turrentine*, an "employer is only required to respond adequately and effectively. [The] one-day suspension, while certainly not the result desired by plaintiff, was effective because [the perpetrator's] harassment ceased." *Turrentine*, 645 F.Supp.2d at 984. And again, as this Court also expressly explained in that case, Title VII does not require employers to terminate all employees who engage in sexual harassment. *Id.*; *see also Hirschfeld v. N.M. Corrections Dept.,* 916 F.2d 572, 578 n.6 ("While there may be egregious cases where such action [employment termination] is

the only option for an employer, in less serious cases a reprimand, brief suspension, or other remedial steps may be sufficient to remedy the situation."); *Adler*, 144 F.3d at 677 ("If our rule were to call for excessive discipline, employers would inevitably face claims from the other direction of violations of due process rights and wrongful termination."). Although Ms. Arnold may have preferred different disciplinary action against Mr. Yaussi, Title VII does not require it. Rather, the only plausible conclusion from her Complaint is that the harassment stopped, so K-State effectively responded and met its Title VII obligations as a matter of law.

In sum, K-State took responsive steps designed to prevent Mr. Yaussi's conduct from recurring—and in fact, K-State's response stopped that conduct. Therefore, K-State's response was adequate as a matter of law, and Ms. Arnold fails to plausibly state a claim. The Court should dismiss her Complaint. Fed. R. Civ. P. 12(b)(6).

   **2.   The Court should disregard Ms. Arnold's conclusory and factually unsupported allegations that a coworker experienced "sexual harassment."**

Ms. Arnold's conclusory statements that Mr. Yaussi previously "sexually harassed" another coworker do not support her Title VII claim. "[I]n ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Id.* (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Iqbal*, 556 U.S. at 679 (legal conclusions must be supported by factual allegations and those facts must state a plausible claim); Fed. R. Civ. P. 12(b)(6). Ms. Arnold's allegations of previous "sexual harassment" fall squarely into the category of unsupported legal conclusions and cannot support her Title VII claim.

Ms. Arnold alleges very generally that Mr. Yaussi had previously engaged in "sexual harassment" of female employees, and K-State failed to take prompt and appropriate action to address the "discrimination" and "harassment." Compl. ¶ 42. Likewise, she summarily states that "Ms. Milligan shared with Plaintiff that Mr. Yaussi sexually harassed her, too." Compl. ¶ 26.

But Ms. Arnold does not offer a single fact to support these legal conclusions. Whether a coworker was "sexually harassed" is a legal conclusion, not a factual statement. For the Court to consider this conclusion, Ms. Arnold would have had to plead facts that support each element of sexual harassment and the connection to employer liability—not just recite the elements or the conclusion of "sexual harassment." *See Kline v. Utah Anti-Discrim. and Labor Div.*, No. 10-4082, 2011 WL 1313781, at **6 (10th Cir. Apr. 7, 2011) (setting out the elements for a sexual hostile work environment claim); *Bertsch*, 684 F.3d at 1027 (describing necessary negligence showing for employer liability for sexual hostile work environment created between coworkers); *Johnson v. Hix*, No. 15-CV-074843-JAR, 2015 WL 7017374 (D. Kan. Nov. 10, 2015) (granting motion to dismiss Title VII sexual harassment claim when plaintiff pled a few related facts but there were many missing facts about the conduct relevant to several elements of sexual harassment). Because she offers no such facts, the Court should disregard Ms. Arnold's conclusory statements. *See Kan. Penn Gaming, LLC*, 656 F.3d at 1214.

In sum, the Complaint is void of factual allegations about Ms. Arnold's coworker's purported experience. The Court should disregard these conclusory statements and dismiss Ms. Arnold's Title VII claim. *Id.*; *see also* Fed. R. Civ. P. 12(b)(6).

### 3.  Ms. Arnold's pleading errors also do not support a claim.

Ms. Arnold includes oblique references to Section 1983 and retaliation in her Complaint. Compl. ¶¶ 1, 44. Because she alleges no facts to support either, K-State assumes this is scrivener's error. In any event, her Complaint fails to state these claims because there are no

factual allegations that support either of them. *See Kan. Penn Gaming, LLC*, 656 F.3d at 1214; Fed. R. Civ. P. 12(b)(6).

Moreover, Ms. Arnold failed to exhaust administrative remedies with regard to any retaliation claim, which also defeats any related purported cause of action. *See* Compl. Ex. A (retaliation box is not checked and there is no mention of retaliation); *Moraga v. Ashcroft*, No. 03-1027, 2004 WL 1895128 (10th Cir. 2004) (plaintiff failed to exhaust remedies where employee failed to check box alleging sex discrimination and to state other relevant allegations in EEOC complaint).

Likewise, Ms. Arnold's brief reference to "pattern or practice" (Compl. ¶ 47) also cannot support a claim, because individuals cannot bring pattern or practice claims under Title VII. *See Daniels v. United Parcel Servs.*, 701 F.3d. 620, 632-33 (10th Cir. 2012).

K-State asks this Court to disregard Ms. Arnold's stray references to various types of causes of action that do not apply to her claim and dismiss her Complaint in its entirety.

## V. CONCLUSION

For these reasons, Ms. Arnold's complaint fails to state a claim upon which relief may be granted. K-State responded adequately and effectively to her report, which by her own admission, ended her coworker's conduct as of February 2016 when she reported to K-State. And Ms. Arnold also cannot rely on merely reciting legal elements or conclusions with no facts. The Court should dismiss her Complaint.

Respectfully submitted,

/s Maureen A. Redeker_
MAUREEN A. REDEKER, #23722
Associate General Counsel and Special Assistant
Attorney General
Kansas State University
919 Mid-Campus Drive North
111 Anderson Hall
Manhattan, KS   66506
(785) 532-5730 (phone)
(785) 532-5603 (fax)
attys@ksu.edu

**_Attorney for Defendant Kansas State University_**


## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2018, I filed the foregoing document via the Court's ECF

system, which will cause a true and correct copy of the same to be served electronically on all

ECF-registered counsel of record.

/s Maureen A. Redeker
**_Attorney for Defendant_**